■ RACHEL ANGLIN, Respondent, v HAROLD ANGLIN, Appellant.—Yesawich, Jr., J. Appeal from that part of a judgment of the Supreme Court (McDermott, J.) granting maintenance to plaintiff, entered October 20, 1988 in Albany County, upon a decision of the court, without a jury.

In May 1983, after 29 years of marriage and producing three children, all of whom are now emancipated, plaintiff and defendant separated, with the former retaining exclusive possession of the marital residence. Throughout the course of the marriage defendant was employed by New York Telephone Company while plaintiff, although able to obtain an associate's degree late in the marriage, did not secure remunerative employment for any extended period of time until the parties separated. While the instant separation action was pending, plaintiff was awarded $400 per month temporary maintenance and $400 per month child support for a son then in her custody. Additionally, defendant was required to pay approximately $235 per month in mortgage payments, insurance and taxes on the parties' $100,000 marital residence, as well as plaintiff's counsel fees.

The parties, by stipulation, settled all issues in this action, save for the amount of maintenance, and as to that issue, the parties agreed to its resolution by Supreme Court on affidavits. When the judgment of separation was entered in January 1988, plaintiff was 54 years of age and defendant was 57. In 1987 defendant earned approximately $53,000 and plaintiff, who was then and is now employed by the State, earned about $17,400. Plaintiff estimated her monthly living expenses to be $2,162.27 compared to $1,266.16 which she projected to be her monthly expenses when she applied for temporary support for herself and her unemancipated child four years earlier. Supreme Court awarded maintenance of $1,100 per month to

plaintiff and required defendant to name plaintiff his beneficiary on a company life insurance policy and to carry plaintiff on his health insurance. Defendant appeals only from the award of maintenance.

Although Supreme Court's brief decision, by itself, does not comply with Domestic Relations Law § 236 (B) (6) (a) and (b), the judgment of separation and findings of fact and conclusions of law underlying the judgment reflect the court's analysis of the statutory factors bearing on maintenance as applied to the facts of this case, such that the technical error was harmless *(cf., Rogers v Rogers,* 116 AD2d 710, 711; *accord, Diachuk v Diachuk,* 117 AD2d 985, 986). Nor were the court's deviations from the prototype laid out in 22 NYCRR 202.50 (b); part 202, appendix A-2 substantial enough to undermine the validity of those documents. In any event, the record provides an adequate evidentiary basis for appellate review of the decision *(see, Donnelly v Donnelly,* 144 AD2d 797, 799).

It was an abuse of discretion, however, to increase the level of maintenance to $1,100 per month. We note parenthetically that since the proof was submitted on papers, and thus witness demeanor was not an element in the decision reached by Supreme Court, deference to that court's ruling on credibility issues is less than it would be otherwise.

Spousal maintenance "seeks to allow 'the recipient spouse an opportunity to achieve [economic] independence' " *(O'Brien v O'Brien,* 66 NY2d 576, 585, quoting Assembly mem, 1980 NY Legis Ann, at 130). Plaintiff has already demonstrated that she is capable of self-support, albeit not at a level defendant could provide. Nevertheless, since the parties were married for a long time and plaintiff undoubtedly sacrificed earning potential by being a housewife and mother for most of that time, some maintenance is appropriate. Moreover, the uncontroverted record evidence is that the marriage disintegrated solely due to defendant's verbal and physical abuse of plaintiff; he therefore owes her a standard of living commensurate with that she enjoyed while married, for defendant cannot be allowed to profit from his own misbehavior *(see, Stevens v Stevens,* 107 AD2d 987, 988).

Be that as it may, it is illogical, now that she is employed full time and supporting only herself, to drastically increase her maintenance from that which she received while she was unemployed and was rearing a teen-age boy. We deem $635 per month a suitable amount: the $400 per month she was receiving, plus $235 in housing expenses. This provides plain-

tiff with $1,745 per month in disposable income ($17,400 salary, plus $7,620 in maintenance, less approximately $4,070 in Social Security and income taxes, prorated over 12 months), which should be more than ample to meet plaintiff's expenses given that some of the amounts in her projected budget were clearly inflated. Furthermore, in view of plaintiff's description of defendant's frugality toward her prior to their separation, it is apparent that her standard of living now is much higher than it was then. Also noteworthy is plaintiff's ability to save money and buy a new car at her current support level, which is indicative of self-sufficiency *(see, Dowdle v Dowdle,* 114 AD2d 699, 700).

Finally, there is the matter of the duration of the maintenance award, an important consideration *(see, Culnan v Culnan,* 142 AD2d 805, 807). While Supreme Court was of the opinion that the equities of this case favor permanent maintenance, we are not. Defendant will reach a common retirement age in 1996; in the meantime, plaintiff's pension rights under the State Retirement System should vest if she maintains her employment with the State. That should be sufficient time to enable her to become self-supporting barring unforeseen circumstances.

Judgment modified, on the law and the facts, without costs, by reducing the maintenance level awarded from $1,100 per month to $635 per month and limiting its duration to eight years, and, as so modified, affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.