■ Ruth E. Cohen, Respondent, v David H. Cohen, Appellant.—Kane, J. P. Appeals (1) from an order of the Supreme Court (Ingraham, J.), entered September 12, 1988 in Broome County, which ordered defendant to pay plaintiff maintenance, child support, counsel fees and support arrearages, (2) from the judgment entered thereon, and (3) from an order of said court, entered January 6, 1989 in Broome County, which, *inter alia,* found defendant in contempt of the court's prior order.

The parties were married on June 13, 1965 and had four children between October 1967 and June 1977. They separated November 9, 1986 and thereafter divorce proceedings were initiated whereby the parties resolved issues of equitable distribution and executed an "opting out" agreement. At a subsequent hearing, Supreme Court awarded plaintiff $200 in weekly maintenance, $100 in weekly child support, legal fees and health insurance. Defendant failed to comply with the judgment and plaintiff sought a hearing to find defendant in contempt. Defendant then counterclaimed to modify the previous judgment by eliminating the maintenance award and all arrearages. Another hearing was held, after which Supreme Court found that defendant had willfully violated the previous court order, awarded additional legal fees to plaintiff and denied the counterclaim to end maintenance. Defendant now appeals from the original order and judgment, as well as from the order finding him guilty of willful contempt.

Defendant first contends that Supreme Court erred in awarding permanent maintenance and we agree. Although Supreme Court has within its broad discretionary powers the authority to determine the duration and amount of maintenance (see, Domestic Relations Law § 236 [B] [6] [a]), the purpose of maintenance is to aid the recipient in achieving economic independence (see, O'Brien v O'Brien, 66 NY2d 576, 585), and the award should be of such duration as that required to become self-supporting (see, Culnan v Culnan, 142 AD2d 805, 807, lv dismissed 73 NY2d 994). Here, Supreme Court made findings that plaintiff had a "good present and future earning capacity" and was "able to be self supporting" with "college and master's degrees". Under these circumstances, indefinite maintenance is inappropriate (see, Donnelly v Donnelly, 144 AD2d 797, 798, appeal dismissed 73 NY2d 992).

We do find, however, that the record substantiates an award of limited duration. Plaintiff has assisted defendant in his law career and business ventures to the detriment of her own career opportunities (see, Domestic Relations Law § 236 [B] [6] [a] [5]). In addition, three of the parties' children reside with plaintiff (see, Domestic Relations Law § 236 [B] [6] [a] [6]). Based on these facts, continuing maintenance for six years from the date of this decision is appropriate.

We find no merit to defendant's contention that Supreme Court erred in refusing to modify its previous judgment. Supreme Court aptly found that the evidence introduced at the second hearing failed to constitute a change of circum-

stances in defendant's favor. Finally, we see no reason to disturb the award to plaintiff for counsel fees. Such determinations are within the discretion of the trial court, taking into consideration not only the financial circumstances of the parties, but also the relative merit of the parties' positions and the results achieved (see, DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881).

Order entered September 12, 1988 and judgment modified, on the law and the facts, without costs, by changing the award of maintenance to provide that it shall continue for not more than six years from the date of this court's decision, and, as so modified, affirmed.

Order entered January 6, 1989 modified, on the facts, without costs, by allowing defendant 30 days from the date of this court's decision to purge himself of the contempt, and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.