■ JACQUELINE OSWALD, Respondent, v HENRY P. OSWALD, Appellant.—Kane, J. P. Appeal from that part of a judgment of the Supreme Court (Dier, J.) ordering, inter alia, equitable distribution of the parties' marital property, entered November 30, 1988 in Washington County, upon a decision of the court.

The parties were married on October 10, 1975 and have one child, born in May 1978. Both defendant and plaintiff have children from previous marriages who have lived with the parties at various times during their marriage. At the time of the marriage, plaintiff was enrolled in college, with 90 credits completed toward a degree, and was employed part time as a substitute teacher. Plaintiff has since left college and become employed as a secretary, while defendant is a self-employed attorney. The parties separated in July 1983 and this divorce action was commenced in September 1984. At trial in 1988, both parties stipulated to reciprocal uncontested divorces. After the trial, Supreme Court dissolved the marriage and ordered joint custody with plaintiff having physical custody of the child. Supreme Court also ordered payments to plaintiff of $100 per week maintenance for 13 years and child support in the amount of $140 per week. The parties' marital property was identified to include a joint bank account totaling $22,000, the marital residence and adjacent lot valued at $160,000, household furnishings and four automobiles. It was ordered, inter alia, that defendant was to have the marital residence and adjacent lot in exchange for $70,515.79 and the bank account was to be divided equally with defendant's share awarded to plaintiff, leaving a net distributive award to plaintiff of $59,515.79. Supreme Court also awarded plaintiff counsel fees and disbursements totaling $15,000. Defendant now appeals the equitable distribution order as well as the awards of maintenance, child support, and counsel fees and expenses.

Defendant's first contention is that, in granting maintenance to plaintiff, Supreme Court either misapplied or failed to give appropriate consideration to all the pertinent statutory factors contained in Domestic Relations Law § 236 (B) (6). We disagree. Supreme Court meticulously listed its conclusions as to the salient factors in this case and their bearing on awarding maintenance. A review of the record reveals that Supreme Court appropriately found plaintiff to be marginally self-sufficient, having suffered reduced earning capacity by foregoing a college degree to work as a homemaker during the marriage (see, Domestic Relations Law § 236 [B] [6] [a] [5]) and having retained physical custody of the parties' child (see, Domestic Relations Law § 236 [B] [6] [a] [6]). Additionally, even were we to accept defendant's own net salary figure of $45,000, there still exists a substantial disparity between the parties' earning capacities, considering plaintiff's net salary of $18,000 (see, Domestic Relations Law § 236 [B] [6] [a] [3]). That the marriage was only of eight years' duration and plaintiff received a distributive award does not alter our conclusion that maintenance was properly granted in this instance.

We do, however, find error in Supreme Court's order of maintenance for 13 years. Apparently, this specific temporal limitation was the result of plaintiff's request that maintenance continue until she is eligible to collect Social Security benefits. Maintenance is designed to give the spouse economic independence (see, O'Brien v O'Brien, 66 NY2d 576, 585) and should continue only as long as that required to render the recipient self-supporting (see, Cohen v Cohen, 154 AD2d 808 [decided herewith]; Culnan v Culnan, 142 AD2d 805, 807, lv dismissed 73 NY2d 994). Here, given plaintiff's level of education and current employment status, we conclude that she has the ability to become self-supporting within 10 years, by which time the parties' child will have reached majority (see, Donnelly v Donnelly, 144 AD2d 797, 798-799, appeal dismissed 73 NY2d 992), defendant will have reached a common retirement age and plaintiff's pension rights will have vested (see, Anglin v Anglin, 148 AD2d 833).

Defendant next argues that Supreme Court overvalued the marital residence and vacant lot by erroneously accepting the testimony of plaintiff's appraiser, whom defendant claims was less experienced than his own expert. We initially note that although the court failed to specifically set forth its findings as to how the value fixed was ascertained, our review of the record clearly indicates that the court, in averaging the two appraisals submitted by plaintiff's expert, made a finding of

credibility in favor of plaintiff's expert over the testimony of defendant's expert. As such, the record and determination made therefrom provide an adequate basis for intelligent appellate review (see, Reina v Reina, 152 AD2d 775) and we find that Supreme Court acted within its broad discretion in crediting the testimony of plaintiff's expert witness (see, Bidwell v Bidwell, 122 AD2d 364, 367).

Equally unavailing is defendant's contention that the value of the marital property should have been fixed as of 1984, the year the action was commenced, for purposes of calculating the mortgage outstanding at the time against the 1987 value of the property. Defendant admits that both parties submitted expert testimony valuing the property as of 1987 and should not now be heard to argue that a larger outstanding mortgage existing in 1984 should be applied against the 1987 valuation of the property. In its decision, Supreme Court properly offset the outstanding mortgage in 1987 against the property's 1987 value and we find no reason to disturb its determination, which is supported by the record and does not constitute abused discretion (see, Whispell v Whispell, 144 AD2d 804, 806; Petrie v Petrie, 124 AD2d 449, 450, lv dismissed 69 NY2d 1038).

After further review of the record, we find no merit to defendant's challenges to Supreme Court's award of child support and its equitable distribution of the $22,000 contained in the parties' joint bank account.

However, Supreme Court erred in awarding counsel fees in favor of plaintiff without conducting a hearing thereon. In this instance, defendant opposed the award and is entitled to an evidentiary hearing to challenge the extent and value of the counsel fees and disbursements requested (see, Osborn v Osborn, 144 AD2d 350, 352; Price v Price, 115 AD2d 530).

Judgment modified, on the law and the facts, without costs, by (1) changing the award of maintenance to provide that it shall continue for not more than 10 years from the date of this court's decision, and (2) reversing so much thereof as awarded counsel fees and disbursements; matter remitted to the Supreme Court for a hearing and determination with respect to the application for counsel fees and disbursements; and, as so modified, affirmed. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.