■ RAY T. SAXTON, Appellant, v GLENDA J. SAXTON, Respondent.—Mercure, J. Appeal from a judgment of the Supreme Court (Duskas, J.) ordering, inter alia, equitable distribution of the parties' marital property, entered August 17, 1989 in St. Lawrence County, upon a decision of the court.

The parties were married in 1968 and have two children who, at the time of trial, were 9 and 13 years old. They separated in April 1987 and, thereafter, divorce proceedings were initiated in August 1987. Following a nonjury trial, Supreme Court granted each party a divorce on the ground of cruel and inhuman treatment, awarded defendant custody of the children, with visitation privileges to plaintiff, and ordered plaintiff to pay child support of $75 per week for each child and maintenance of $150 per week until defendant dies, remarries or reaches the age of 62. Supreme Court further divided the parties' property and allocated marital debt and tax dependency exemptions. Thereafter, plaintiff moved for a downward modification in support payments, which was denied by Supreme Court. This appeal ensued.

We disagree with Supreme Court's resolution in only one respect. We conclude that the award of maintenance should be limited in duration to 10 years from the date of this decision, or until defendant sooner remarries or dies. Although Supreme Court did not make findings concerning defendant's future earning capacity or ability to be self-supporting, the record contains sufficient evidence of the circumstances of the parties to enable this court to make findings of fact on the issue of maintenance (see, Kobylack v Kobylack, 62 NY2d 399, 403).

The concept of maintenance was designed to allow " 'the recipient spouse an opportunity to achieve [economic] independence' " *(O'Brien v O'Brien,* 66 NY2d 576, 585, quoting Assembly mem, 1980 NY Legis Ann, at 130; *see also, Anglin v Anglin,* 148 AD2d 833, 834; *Culnan v Culnan,* 142 AD2d 805, 807, *lv dismissed* 73 NY2d 994) and the duration of the award should be that period of time reasonably necessary to allow the spouse to become self-supporting *(see, Culnan v Culnan, supra; Hillmann v Hillmann,* 109 AD2d 777, 778). Here, given defendant's work experience prior to marriage, the ages of her children and the fact that she was only 41 years old at the time of the trial and had reentered the work force with an annual income exceeding $15,000, we find that indefinite maintenance is inappropriate.

However, we do find support in the record for an award of limited duration. Defendant has assisted plaintiff in his career and business ventures during this 19-year marriage *(see,* Domestic Relations Law § 236 [B] [6] [a] [2], [8]), and the children reside with her *(see,* Domestic Relations Law § 236 [B] [6] [a] [6]). We have also considered, as did Supreme Court, the interrelationship between the distribution of the dairy laboratory business to plaintiff and plaintiff's maintenance obligation *(see,* Domestic Relations Law § 236 [B] [5] [d] [5]; [6] [a] [1]). Based on these facts and considering the distribution of marital property, continuing maintenance for a maximum period of 10 years from the date of this decision is appropriate *(see, Cohen v Cohen,* 154 AD2d 808, 809; *Culnan v Culnan, supra).*

Judgment modified, on the law and the facts, without costs, by limiting the duration of the award of maintenance to 10 years from the date of this court's decision, and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.