■ HELEN K. BASILE, Respondent, v JOSEPH B. BASILE, Appellant. [605 NYS2d 133] —Mahoney, J. Appeal from that part of a judgment of the Supreme Court (Lynn, J.H.O.) ordering equitable distribution of the parties' marital property and awarding permanent spousal maintenance, entered July 28, 1992 in Ulster County, upon a decision of the court.

The parties were married in Lebanon in 1964. At the time,

defendant was a vascular surgeon and plaintiff a registered nurse. While the parties concede that in Lebanon they enjoyed life in the "higher echelon", this changed in 1975 with the commencement of the Lebanese war. Ultimately, both parties and their children returned to the United States with no assets whatsoever. During this transition period, defendant apparently began what was to become a longstanding extramarital relationship with another woman which produced a daughter in 1979. Plaintiff eventually became aware of the relationship but the parties attempted to work things out and stay together.

In February 1979, defendant formed a professional corporation and opened his own medical office. Plaintiff worked in the office, originally part time then full time, performing not only nursing tasks but bookkeeping chores and secretarial duties as well. Working together in this fashion, the business flourished. By 1986, however, the parties' relationship had deteriorated and they separated. Plaintiff ceased working in the business and commenced the instant action for divorce seeking, *inter alia*, maintenance and equitable distribution. Following trial, Supreme Court granted plaintiff $375 per week in permanent maintenance and distributed the marital assets. Because the disposition of certain marital assets had been worked out between the parties during pendency of the action, the assets subject to court distribution consisted only of the medical practice and a retirement account for each party. The court distributed the property 65% to plaintiff and 35% to defendant, and ordered defendant to make a $121,268.29 distributive award to plaintiff. Defendant's appeal is limited to the propriety of these rulings.

Addressing first the issue of maintenance, contrary to defendant's arguments we do find support in the record for a maintenance award but agree with him that it should be reduced in amount and limited in duration *(see, e.g., Saxton v Saxton,* 168 AD2d 767; *Cohen v Cohen,* 154 AD2d 808). Clearly, plaintiff has subordinated her nursing career throughout most of this 22-year marriage to rear the parties' five children and to assist defendant in the establishment of his medical practice. As such, she now has nowhere near the earning capacity or financial security in her own right that she would have had had she not foregone career opportunities during the marriage. Moreover, while she has rejoined the work force, starting a career at age 56 hardly will render her financially secure for her retirement inasmuch as most of her $600 weekly gross salary is spent on meeting rent costs, car

payments and other living expenses. Even when the amount of her distributive award is taken into consideration (Domestic Relations Law § 236 [B] [6] [a]), we still perceive her to have some financial need. We do not, however, perceive her need to rise to the level of $375 a week. Rather, taking into consideration all relevant factors, namely, plaintiff's ability to be self-supporting and defendant's heavy indebtedness, both from personal debts and maintenance arrears, we believe an award of $250 per week for a period of five years is more than adequate (see, Harmon v Harmon, 173 AD2d 98, 108-109).

On the subject of property distribution, defendant's principal contention is that Supreme Court erred in accepting plaintiff's $153,000 valuation as the value of the professional corporation. This argument is based upon the perception that plaintiff's figure represented the value as of August 1987, a date 11 months after commencement of the action. Even assuming, arguendo, that this is true, we perceive no error in this mode of proceeding. It is well settled that the trial court is not constrained to value an asset as of the action commencement date, but has discretion and flexibility to determine the most appropriate date for valuation as circumstances warrant (see, Domestic Relations Law § 236 [B] [4] [b]; see also, Wegman v Wegman, 123 AD2d 220, mot to amend remittitur granted 123 AD2d 238; see also, Moody v Moody, 172 AD2d 730, 731). This is especially so where questions involving the valuation of a business are at issue (see, Ducharme v Ducharme, 145 AD2d 737, 739, lv denied 73 NY2d 708). Here, in view of the fact that defendant was disabled totally from October 1985 to March 1986, it is apparent, as plaintiff's expert found, that the corporation's tax return would not accurately reflect 1986 income. That being the case, we see no abuse of discretion in Supreme Court's adoption of plaintiff's expert's valuation based upon the average of three separate valuation methods, especially where defendant's expert failed to consider what the court believed to be cogent factors and assets.

Defendant's remaining arguments do not require extended discussion. Inasmuch as a review of the record reveals adequate support for Supreme Court's conclusion that defendant wrongfully dissipated marital assets in furtherance of his longstanding extramarital affair and establishes that the court took into account all the relevant factors in fashioning the award, we decline to disturb the 65%-35% distribution. However, considering the five-year duration of this action, the lack of evidence that either party engaged in deliberate delay tactics and general lack of prejudice, we believe that the

court's award of interest on the distributive award should run from the date of judgment rather than from commencement of the action *(see, Kalisch v Kalisch,* 184 AD2d 751, 754; *Chasin v Chasin,* 182 AD2d 862, 864; *Chirls v Chirls,* 170 AD2d 641, *lv denied* 78 NY2d 853; *Schanback v Schanback,* 159 AD2d 498, 500, *lv denied* 76 NY2d 703).

Finally, in view of the nonliquidity of the professional corporation, which is defendant's largest asset, and his inability otherwise to pay out the distributive award within the 60-day time period accorded by Supreme Court even if he completely liquidates his remaining assets, fairness dictates that he be permitted to pay out the award, with interest, in quarterly installments over a three-year period *(see, Bohnsack v Bohnsack,* 185 AD2d 533, 536; *Romano v Romano,* 139 AD2d 979, 980; *Schussler v Schussler,* 109 AD2d 875, 877).

Weiss, P. J., Mikoll, Yesawich Jr. and Casey, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reducing the maintenance award to $250 per week and limiting its duration to five years from the date of this Court's decision, imposing interest on the distributive award at the statutory rate to run from the date of judgment and permitting payout of the distributive award in quarterly installments over a period of three years from the date of this Court's decision, and, as so modified, affirmed.