■ RICHARD VERGOTZ, Appellant, v PAULA J. VERGOTZ, Respondent. [620 NYS2d 628] —Judgment unanimously affirmed without costs. Memorandum: Although Supreme Court failed to set forth the necessary statutory factors it considered for its award to defendant of maintenance of $750 per month *(see,* Domestic Relations Law § 236 [B] [6] [a], [b]), the record supports that award and is sufficient for us to make the required findings *(see, O'Brien v O'Brien,* 66 NY2d 576, 589; *Saxton v Saxton,* 168 AD2d 767, 768).

Plaintiff earns a gross income of approximately $65,000 per

year. Defendant earns a gross income of approximately $22,000 per year. The marriage is of 24 years' duration. The three children of the marriage are emancipated. Defendant suffers from a chronic condition that she contracted from plaintiff and that periodically disables her from employment.

The income of defendant is not sufficient to meet her monthly expenses, nor is it expected to rise significantly over the remainder of her career as an occupational therapist. The career options of defendant are limited by her having been exclusively a homemaker during many years of the marriage. Defendant was the primary caretaker of the children and the household throughout the marriage. The income of plaintiff exceeds his expenses. The maintenance award will reduce plaintiff's income tax liability.

The court's award of maintenance of $750 per month until December 1999 was proper in light of the present inability of defendant to meet her monthly expenses and her limited ability to advance in her career. Plaintiff has the financial resources to provide for defendant's reasonable needs. When the monthly maintenance payments cease in December 1999, defendant should be established financially, comparatively debt-free, and in a position to provide for her own reasonable needs.

The court properly directed plaintiff to pay uninsured medical expenses of defendant for treatment of the chronic condition from which she suffers. Additionally, the court properly found that defendant's educational degrees and license to practice occupational therapy are marital property and are of equal value to plaintiff's enhanced earning potential and trade certification. In light of the difficulty of valuing the mutual contributions of the parties, and because their contributions reasonably appear to be of equal value, the court did not err in failing to determine the net value of their respective contributions *(see, Capasso v Capasso,* 119 AD2d 268, 270; *Sementelli v Sementelli,* 102 AD2d 78). (Appeal from Judgment of Supreme Court, Erie County, Howe, J.—Maintenance.) Present—Green, J. P., Fallon, Wesley, Doerr and Boehm, JJ.