■ KEVIN M. HART, Respondent, v LAURIE A. HART, Appellant. [641 NYS2d 459] —Peters, J. Appeal from that part of a judgment of the Supreme Court (Canfield, J.) ordering payment of child support and maintenance, entered September 14, 1994 in Rensselaer County, upon a decision of the court.

The parties were married in May 1975 and were separated in March 1989. Together they have four children, Melissa (born in 1975), Jennifer (born in 1980), Kevin (born in 1981) and Ashley (born in 1986). By order of Family Court entered July 11, 1990, plaintiff was required to pay $30 weekly for spousal support and $85 weekly for child support. He was further required to pay, *inter alia*, the monthly mortgage on the marital home,[1] and all medical insurance covering defendant and the chil-

---

1. Such payments were to include principal, interest and contributions to escrow for school, property taxes and homeowner's insurance.

dren.[2] The action for divorce was commenced on June 26, 1992 and due to the settlement of all issues other than child support and maintenance, such limited issues were tried by Supreme Court on April 27, 1994. Defendant now appeals the determination rendered, contending that Supreme Court erred in its computation of the support obligation pursuant to the Child Support Standards Act (hereinafter CSSA; see, Domestic Relations Law § 240 [1-b]) and in permitting plaintiff to deduct from such obligation the monthly housing and shelter expenses he was obligated to pay.

Culling the testimony at trial, it is clear that plaintiff had two jobs which yielded a gross weekly income of $985.04. After deducting the taxes actually paid pursuant to the Federal Insurance Contributions Act (hereinafter FICA; see, Domestic Relations Law § 240 [1-b] [b] [5] [vii] [H]), we find that plaintiff's weekly income, for purposes of the CSSA, is $909.68.[3] Testimony further revealed that defendant had part-time work which yielded a weekly gross income of $157.04. After deducting FICA withholdings, we find that defendant's weekly income, for purposes of the CSSA, is $145.03. Applying the statutory formula for these four children (see, Domestic Relations Law § 240 [1-b] [b] [3] [iv]), we conclude that plaintiff's basic child support obligation is $281.19 weekly or $1,209.12 monthly.

In light of this basic child support obligation, we find that Supreme Court, in its discretion, appropriately decided to depart from the formula (see, Domestic Relations Law § 240 [1-b] [g]). The court determined that defendant and the children should have exclusive possession of the marital residence until the youngest child was emancipated or the property was sold and that plaintiff should pay the mortgage, taxes, and homeowner's insurance. Defendant was required to pay all other expenses which may be incurred thereon (which included, but were not limited to, all water rents, utilities[4] and reasonable maintenance costs). The court further ordered plaintiff to pay the costs of medical insurance as well as his proportionate share of the children's uninsured medical and dental expenses

---

2. When defendant obtained gainful employment, she was ordered to contribute to the uninsured medical expenses of the children in an amount proportionately prorated to her income.

3. Defendant correctly notes that Supreme Court made an error in subtraction when it deducted plaintiff's FICA withholdings from his total gross weekly income ($985.04 − 77.88). Since plaintiff's FICA deduction should have been $75.36, we find that his gross weekly income, for purposes of the CSSA, is $909.68.

4. At the time of trial, defendant was receiving a subsidy for heating costs which totaled approximately $475 per season.

which had been, prior to the time of trial, approximately $200 per month. These support obligations, coupled with the reduced needs of the oldest child currently attending college and receiving a favorable financial aid package, warranted Supreme Court's conclusion that the strict application of the CSSA would yield an "unjust or inappropriate" amount (Domestic Relations Law § 240 [1-b] [g]). Based thereon, it directed plaintiff to reduce his monthly child support obligation by the actual monthly mortgage obligation it required him to pay to a third party.

Acknowledging that shelter costs attributable to the children are inherent in the basic child obligation calculated by the CSSA (see, Chasin v Chasin, 182 AD2d 862, 863), defendant nonetheless contends that this Court should follow the reduction method set forth by the Second Department in Krantz v Krantz (175 AD2d 865), which had subtracted the annual charges on the marital residence from the noncustodial parent's gross income before applying the formula (see also, Ryan v Ryan, 186 AD2d 245). Noting that we have consistently deviated from the formula when faced with a double shelter allowance (see, Chasin v Chasin, supra; Lenigan v Lenigan, 159 AD2d 108), we find no basis to now employ the reduction method set forth by the Second Department in Krantz v Krantz (supra). Accordingly, the cash child support award must be modified to reflect a base amount of child support in the amount of $1,209.12, reduced by a $500 monthly mortgage payment, to yield a monthly obligation of $709.12 or $165 weekly. As to defendant's allegation that Supreme Court's allocation of the child dependency tax exemptions to plaintiff was error, after reviewing the undisputed statements of net worth and the parties' testimony concerning their income, we find no abuse of discretion.

Reviewing next the award of maintenance, we find Supreme Court to have fully analyzed all relevant factors detailed in Domestic Relations Law § 236 (B) (6) (a) in determining the amount and duration. The record reflects that pursuant to the order issued by Family Court, defendant was receiving maintenance in the amount of $30 per week for approximately four years. During such time, defendant failed to begin to make necessary steps to "achieve economic independence" (see, Anglin v Anglin, 148 AD2d 833, 834; see also, O'Brien v O'Brien, 66 NY2d 576, 585). Acknowledging that this was a long-term marriage and that defendant had subordinated her own education in favor of plaintiff's, the record reflects that defendant was 32 years old when the parties separated, was approxi-

mately 35 years old when the action was commenced, that she and the children are in good health and that it was her desire not to pursue economic independence during the period of separation. These factors, along with the current ages of the children and the expenses remaining to defendant in light of plaintiff's support obligation, fully support Supreme Court's computation of the current maintenance award (*see*, *Saxton v Saxton*, 168 AD2d 767).

Finally, we affirm Supreme Court's discretionary determination not to make its order retroactive (*see*, *Chasin v Chasin*, *supra*, at 867) since the order previously issued by Family Court finally determined all issues of child support, maintenance and various other expenses in a fair and adequate manner (*cf.*, *Koczaja v Koczaja*, 195 AD2d 693, 694, *lv denied* 83 NY2d 756).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is modified, on the law, without costs, by correcting plaintiff's basic child support obligation to reflect an amount of $1,209.12 monthly, reduced by the mortgage payment in the amount of $500 monthly, to yield a weekly support obligation of $165, and, as so modified, affirmed.