Spinelli v Spinelli (2019 NY Slip Op 06553)





Spinelli v Spinelli


2019 NY Slip Op 06553


Decided on September 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 12, 2019

527606

[*1]Paul Spinelli, Respondent,
v
Eileen B. Spinelli, Appellant.

Calendar Date: August 22, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Law Office of Stephen W. Rossi, Esq., Saratoga Springs (Stephen W. Rossi of counsel), for appellant.
Law Office of Gregory V. Canale, Esq., Queensbury (Jeffrey T. Lacroix of counsel), for respondent.



Rumsey, J.
Appeal from an amended order of the Supreme Court (Hall Jr., J.), entered December 12, 2017 in Warren County, which, among other things, partially denied defendant's motion to modify the equitable distribution of the parties' marital property.
Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in March 1989 and are the parents of two children (born in 1994 and 1999). During the entire marriage, the wife was employed on a full-time basis in the nursing field, earning approximately $104,675 in 2014, and the husband worked in the home improvement business. In 1992, the parties formed a business known as LPS Enterprises to provide warranty services to a window manufacturer in several states. In 1995, the parties transferred all assets of LPS to a new corporation named KPS Enterprises, Inc., which later began doing business under the assumed name of Windows, Doors, Etc. Less than four weeks prior to commencement of the divorce action, without the wife's knowledge, the husband filed a certificate to conduct business under the assumed name of Windows & Doors and transferred all of KPS Enterprises' funds to a new bank account that was under his exclusive control. The husband commenced this action on September 27, 2012, transferred all of the assets formerly held by KPS Enterprises to a new limited liability company that he had formed — Windows, Doors, Shades & More LLC — and opened yet another bank account. The wife did not learn of these transfers until after this action was commenced. The parties also jointly owned two apartment buildings — each containing two units — that the husband managed.
After trial, Supreme Court issued a decision finding that the husband had engaged in "an ongoing pattern of conversion of marital assets, refusal to contribute to marital debt and continuous wasteful dissipation of marital assets," which prevented it from determining the value of the parties' business and accompanying debt and resulted in the husband reaping all of the benefits of the business while burdening the wife with much of the debt. The court considered the husband's wrongful conduct in fashioning its equitable distribution award. In March 2016, a judgment of divorce was entered ordering that the apartment buildings be sold with the net proceeds divided equally and that the business be distributed entirely to the husband, with the outstanding business debt of $77,000 paid entirely from the husband's share of the proceeds from the sale of the apartment buildings. The husband was further ordered to pay the premiums necessary to maintain a Northwestern life insurance policy with a death benefit of $500,000 for the benefit of the wife and the children. As further relevant here, the court also considered the husband's conduct in dividing the parties' retirement assets, ordering that the husband receive 25% of the wife's retirement accounts and that the husband's retirement accounts be divided equally. It is undisputed that the $500,000 Northwestern policy that Supreme Court directed the husband to maintain had lapsed prior to entry of judgment.
Neither party perfected an appeal from the judgment. The parties engaged in negotiations regarding lapse of the Northwestern life insurance policy, which left the husband with no life insurance, and the fact that the value of his retirement account was approximately one half of the value submitted to, and considered by, Supreme Court when it entered judgment. In March 2017, the wife moved for an order, as relevant here, finding the husband in contempt for his willful failure to comply with the judgment, compelling the husband to provide life insurance and redistributing the parties' retirement accounts. In opposition to the wife's order to show cause, the husband asserted that he was attempting to comply with the judgment of divorce by obtaining a new life insurance policy as requested by the wife, even though he averred that it was not ordered by the court. The husband, however, maintained that he would not be able to obtain a life insurance policy because the yearly premiums would be far beyond what he could afford and, further, his advanced age of 74 years and the state of his health rendered him "virtually uninsurable." The husband thereafter filed a cross motion seeking an order directing immediate payment to him of $60,375.75, representing 25% of the wife's retirement accounts. While the motions were pending, the wife obtained two policies insuring the husband, one for $100,000 and one for $150,000, with annual premiums of $2,950 and $4,445, respectively.
By amended order entered on December 12, 2017, Supreme Court, as relevant here, denied the wife's motion for contempt without a hearing, ordered the husband to pay the annual premiums for both of the new policies until the parties' youngest child graduates from college — not to exceed four years after his graduation from high school — and then continue to pay the premium for the $100,000 policy for an additional 10 years and, further, reaffirmed division of the parties' retirement assets — ordering that the husband receive 25% of the wife's retirement accounts and the wife receive 50% of the husband's retirement account balance. The wife appeals.
On appeal, the wife contends that the order failed to comply with the judgment in two principal respects — by failing to ensure that the husband provided life insurance and by depriving her of the intended share of the parties' retirement accounts. She now argues for reversal and urges this Court to make her whole, suggesting that we refashion the equitable distribution award. We are precluded from revisiting the equitable distribution award by the wife's failure to appeal from the judgment. The wife's counsel emphasizes that he provided Supreme Court with proof that the life insurance policy had lapsed before it rendered its decision. There were two proper means available to correct that error — a posttrial motion made within 15 days after decision (see CPLR 4404 [b]; 4405) or appeal from the judgment. The wife did neither; therefore, she is bound by the judgment, subject to correction of a mistake that does not affect a substantial right of a party (see CPLR 5019 [a]).
On appeal, the husband asserts that Supreme Court had the authority to correct the error in the judgment that resulted from the award of the lapsed insurance policy. The wife has acknowledged that it is unlikely that the husband can provide a $500,000 replacement policy, even if ordered to do so, and, consequently, requested alternative relief.[FN1] In this unique case, based on the parties' respective positions, we agree that the substantial rights of the parties would not be affected by correction of the judgment to provide a suitable replacement for the Northwestern policy. The wife represents, without contradiction, that the $100,000 and $150,000 replacement policies have also lapsed; therefore, Supreme Court's well-intentioned order directing the husband to pay the premiums on these policies affords the wife no benefit. Moreover, the parties concede the impracticability of the husband obtaining meaningful life insurance coverage given his age and medical history.
In light of these considerations, we order the husband to pay the wife a sum equal to the premiums that he would have paid on the lapsed $500,000 Northwestern policy, plus its cash value. The annual premium that the husband would have been required to pay for the remainder of his life was $10,042. At the date of judgment, the husband was 74 years old and his life expectancy was then 10.4 years (see 1B NY PJI 3d Appendix A at 1047 [2019]). The cash value of the policy when it lapsed was $22,328. Accordingly, within 90 days of the date of this decision, the husband shall pay the wife the sum of $126,764.80, with interest at the statutory rate of nine percent per annum from the date of entry of the judgment of divorce (see CPLR 5003, 5004; Basile v Basile , 199 AD2d 649, 651-652 [1993]).[FN2]
The wife contends that Supreme Court further erred in its amended order by depriving her of the intended share of the parties' retirement accounts. In its February 2016 decision, Supreme Court found that the aggregate value of the wife's three separate retirement accounts was $241,503 and the total value of the husband's retirement accounts was at least $99,988, comprised of a VOYA IRA with an unknown value of not less than $45,588 and an American Funds IRA of $54,400. As a result of the husband's wasteful dissipation of marital assets, the court provided for unequal division of the wife's retirement accounts, awarding her 75% of the value and the husband 25%. The court then provided for equal division of the husband's retirement accounts. It was later discovered that the husband had only one IRA — the American Funds IRA into which the VOYA IRA had been previously rolled over.
The wife now argues that Supreme Court erred in adhering to its original determination regarding division of the retirement accounts once it learned that the husband had only one account because it resulted in her receiving fewer assets and a smaller overall percentage of the parties' total retirement account balance. We disagree. We note that Supreme Court made an adjustment for the husband's wrongful conduct entirely by providing for unequal division of the wife's retirement accounts. The court then logically provided for equal distribution of the husband's remaining retirement accounts. We agree with Supreme Court that the subsequent discovery that the husband's account balance was substantially lower than originally determined does not affect the adjustment that the court made for the husband's wrongful conduct and, therefore, affects both parties equally. Accordingly, we find no error with Supreme Court's determination to deny the wife's motion seeking modification of the judgment regarding distribution of the parties' retirement accounts. The wife's remaining contentions have been considered and found to lack merit.
Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the amended order is modified, on the law, without costs, by reversing so much thereof as directed plaintiff to pay premiums on the $100,000 and $150,000 life insurance policies; plaintiff shall, within 90 days of the date of this Court's decision, pay defendant the sum of $126,764.80, with interest at the statutory rate of nine percent per annum from the date of entry of the judgment of divorce; and, as so modified, affirmed.



Footnotes

Footnote 1: She specifically requested that the husband be directed to pay the premiums for the $150,000 and $100,000 policies — amounting to a total death benefit of one half of the lapsed policy — until the parties' youngest child graduates from college and that he be directed to continue to pay the premiums for the $150,000 policy thereafter.

Footnote 2: ($10,042 x 10.4) + $22,328 = $126,764.80.