ISIDOR WEISS, Plaintiff-Respondent, v. OLIVER GARFIELD et al., Defendants-Appellants.

Third Department, May 12, 1964.

*Gustave B. Garfield* for appellants.

*Samuel H. Stuttman* for respondent.

HAMM, J. Special Term denied the defendants' motion for summary judgment.

The plaintiff on March 18, 1960, entered into a contract with the defendant Oliver Garfield for the sale of land consisting of three parcels. The third parcel was described in the contract as follows:

" ALSO all that tract or parcel of land, situate in the Town of Cochecton, County of Sullivan, and State of New York, taken from Lot No. 8, in Division 63, Great Lot 18, Hardenburgh Patent.

" Beginning at a stake and stones in the line of Lots 5, and 8; thence by Lot No. 5, South 10 West 11 chains and 8.8 links to a stake and stones; thence by the remainder of the Lot North 76½ West 23 chains to a hemlock tree by a birch tree; thence by Lot No. 11, with 10 with 10 chains 88 links to stake and stones; from thence South 76½ East 23 chains to place of beginning, containing acres, be the same, more or less."

The contract recited: " This sale includes all the buildings and improvements now upon the premises in their present condition, together with the items of furntiure, fixtures and equipment enumerated and set forth in the schedule annexed hereto and made a part hereof." On April 22, 1960, the plaintiff conveyed by a full covenant and warranty deed to the defendants Oliver Garfield and Nancy Garfield the three parcels and the deed described the last parcel precisely as in the contract. The defendant Oliver Garfield employed an abstract company to search the title and the company certified that title to the three parcels was in the plaintiff and the plaintiff executed an affidavit of title initialed by his attorney in which he stated: " This affidavit is made to induce OLIVER GARFIELD and NANCY GARFIELD to take a deed executed by deponent."

The plaintiff asked for reformation alleging in his complaint that the plaintiff " never intended to sell and defendants never intended to buy any property not contiguous to what was act-

ually shown and represented to be owned by the plaintiff "; he seeks exclusion of the third parcel including the warranties relating to it.

Subdivision 1 of section 457-a of the Civil Practice Act provided: "The court may direct a verdict when it would be required to set aside a contrary verdict for legal insufficiency of evidence." In pursuance of this section it has been held that even if a court would under the circumstances of the case, on a trial, set aside a verdict as contrary to the weight of evidence, it would nevertheless not be justified in granting summary judgment and that summary judgment is authorized only where, if the same facts which appear in the moving and opposing papers were adduced upon the trial, the court would be warranted in directing a verdict. Rule 4401 of the Civil Practice Law and Rules provides: "Any party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue, or at any time on the basis of admissions." In Weinstein, Korn and Miller, New York Civil Practice (vol. 4, ¶ 4401.13) the authors state: " CPLR 4401 sets no standards for the trial court to use in deciding whether or not to grant the motion for judgment. Experience in New York has shown that attempts to give the courts legislative guidance have confused the issue. CPLR 4401 omits the provision in subdivision 1 of section 457-a of the Civil Practice Act: ' The court may direct a verdict when it would be required to set aside a contrary verdict for legal insufficiency.' Rather than formulating criteria for the direction of a verdict, this subdivision merely stated that the standard for directing a verdict was the same as for judgment notwithstanding the verdict. Since no standard was set for the granting of the latter motion, and it was merely a renewal of the former, the statement in section 457-a gave no guidance on when the court should decide the case and when it should leave it to the jury. Omission of the former provision is intended to indicate clearly that the standards for directing a verdict must be sought in case law."

On this motion we accept as true, as we must, the plaintiff's evidence and also any evidence of the defendants favorable to the plaintiff. Although as to the plaintiff's proof no question of credibility is involved, the evidence to establish a right to reformation after acceptance of such evidence as true must be " clear, positive and convincing " (*Amend* v. *Hurley,* 293 N. Y. 587, 595); reformation may not be granted on a mere preponderance of evidence.

The plaintiff was the owner of the first and second parcels but was not the owner of the third parcel although the third parcel appeared in his deed and in deeds to his predecessors in title by description identical with the description in the contract and the description in the deed to the defendants. The first two parcels are contiguous but the third parcel is approximately two miles from the first two parcels. In connection with the contract of March 18, 1960, the defendant Oliver Garfield submitted an inventory made by him of items of personal property located in the buildings. The inventory listed the buildings on the first two parcels but did not refer in any manner to buildings on the third parcel or to the contents of such buildings. The assessment rolls for the year 1959–1960 indicate that a portion of the third parcel was assessed to strangers to this transaction and contained structures assessed for $2,875 and that another portion was owned by another stranger to this transaction containing a one-family residence assessed at $1,625.

The plaintiff made no affidavit. His attorney in an affidavit partially hearsay dated August 13, 1963, averred: " This affidavit is made and submitted by me in lieu of an affidavit by the plaintiff in his own behalf because it is not possible to procure an affidavit from him in his present physical condition. Plaintiff is an elderly gentleman who several months ago underwent very serious surgery and is still recuperating therefrom at the home of a daughter, and under doctor's advice, as his daughter informs me, he is not to be disturbed with matters of this type." However, the defendants' attorney has stated in his affidavit that the plaintiff on October 15, 1963, executed an affidavit in support of a motion to vacate an attachment. Thereafter as late as November 11, 1963, as the record indicates, an affidavit of the plaintiff's attorney was received and considered by Special Term. In an affidavit sworn to November 4, 1963, the defendants' attorney stated: " On September 5, 1962 when I personally served the summons and complaint in an action for breach of covenant of seizin (since discontinued) Isidor Weiss spoke with his daughter Ruth Mack (with whom he resided) in Yiddish. He apparently did not know that I understood Yiddish for when I told his daughter that I had found out that Weiss did not own the third 25 acre parcel in the deed, Weiss said in Yiddish that that was his secret and he would like to find out who told it to me. He further said that his lawyer Stuttman had said that once he had given title, he would not have any trouble with it and he asked his daughter to call up Stuttman immediately."

Although the plaintiff did not swear to and submit an affidavit the circumstantial evidence is such that we think it cannot be

said on this record that a reasonable person could by no rational process find the evidence of mutual mistake to be clear, positive and convincing. We have previously held that " summary judgment on affidavits should not be granted where there is any doubt as to the existence of triable issues of fact ". (*Braun* v. *Carey,* 280 App. Div. 1019, 1020.)

The order should be affirmed.

Gibson, P. J. Reynolds, Taylor and Aulisi, JJ., concur.

Order affirmed, with $10 costs.