■ GREAT NECK PENNYSAVER, INC., Doing Business as NORTH SHORE PUBLICATIONS, Respondent, v JAMES V. CATALANO et al., Defendants, and MICHAEL

CATALANO, Appellant. — In an action to recover for breach of contract, defendant Michael Catalano appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (McGinity, J.), entered August 5, 1982, as is in favor of plaintiff and against him in the principal sum of $8,100. Judgment reversed, insofar as appealed from, on the law, with costs, so much of the order of the same court, dated July 27, 1982, as grants that branch of plaintiff's motion which sought summary judgment against appellant is vacated and that branch of plaintiff's motion is denied. Plaintiff's complaint pleaded that it accepted advertising of defendants' business for publication in its newspapers, that no payment had been received, and that two checks submitted by defendants had been dishonored. In their answer defendants set forth an affirmative defense that plaintiff had failed to join a necessary party, to wit, Lincoln Upholstery Shop, Inc., and that the amounts being sued upon were actually the debt of that corporate entity. Plaintiff thereafter moved for and was granted summary judgment as against all defendants. Special Term erred in granting summary judgment against appellant Michael Catalano. In his affidavit, appellant averred that he was the father of the other individual defendants and had not been associated with the business for a period which commenced well prior to the advertising in question, that he had never requested advertising nor requested that same be given on his credit, and that he had never personally assumed any responsibility for the debts in question. Thus, there is a genuine issue of fact to be resolved, i.e., whether appellant is at all connected in any manner with or doing business under the name of Lincoln Upholstery Shop, Inc. Plaintiff has failed to sustain its burden of establishing that it is entitled to the drastic remedy of judgment as a matter of law (*Yates v Dow Chem. Co.*, 68 AD2d 907), especially inasmuch as the evidence is to be construed in the light most favorable to the party against whom the motion for summary judgment was made (*Weiss v Garfield*, 21 AD2d 156, 158). Weinstein, J. P., Bracken, Rubin and Boyers, JJ., concur.