■ PHYLIS LUCCHESE, Appellant, v THOMAS H. AGRO, Respondent. — In an action to enforce two oral agreements, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Orgera, J.), dated September 22, 1983, as, upon granting reargument, adhered to its original determination which dismissed the complaint. ¶ Order affirmed insofar as appealed from, with costs. ¶ The oral agreements sought to be enforced here could not be performed within the lifetime of the parties' mother and are therefore unenforceable under the Statute of Frauds (see General Obligations Law, § 5-701, subd a, par 1; *Meltzer v Koenigsberg,* 302 NY 523). Lazer, J. P., Mangano, O'Connor, and Brown, JJ., concur.

■ LOUIS A. MARTINO, Respondent, v ANTOINETTE MARTINO, Appellant. — In a matrimonial action, defendant appeals from so much of an order of the Supreme Court, Kings County (Duberstein, J.), dated June 2, 1983, as directed that the period of accounting for the operation of the marital premises referred to in the judgment of divorce shall be from January, 1981 to July 26, 1982. ¶ Order reversed insofar as appealed from, on the law, without costs or disbursements, and it is directed that the period of accounting for the operation of the marital premises shall be from April 26, 1982 (the date of the stipulation of settlement) to July 26, 1982. ¶ It was error for Special Term, under the guise of interpreting its own order, which incorporated the terms of a clear and unambiguous stipulation of settlement, spread upon the record in open court, to alter or modify the provisions of said stipulation, absent the consent of both parties (*Vranick v Vranick,* 41 AD2d 663). Thompson, J. P., Bracken, Boyers, and Lawrence, JJ., concur.