■ In the Matter of the Estate of SOL KITTAY, Deceased. SUSAN SCHLEGER, Appellant; ARLENE J. IMBERMAN et al., Respondents.—In a proceeding to compel an accounting, the petitioner appeals from an order of the Surrogate's Court, Westchester County (Brewster, S.), dated July 18, 1984, which granted the respondents' motion for summary judgment and dismissed her petition.

Order affirmed, with costs payable by the appellant personally.

The petitioner alleged that she and the decedent entered into an express oral agreement wherein she was to serve as the decedent's social and traveling companion and confidante in return for which he was to "take care of" and "support" her for the rest of her life. There were no witnesses to this oral agreement.

Upon decedent's death, the petitioner filed a claim against his estate seeking the sum of $3,200,000. The executors moved for summary judgment dismissing the claim. The Surrogate granted the executors' motion and we affirm.

On this motion for summary judgment, the evidence must be viewed in the light most favorable to the petitioner *(see, Great Neck Pennysaver v Catalano,* 97 AD2d 395). When so viewed, it is apparent that the alleged agreement, by its terms, was not capable of performance before the end of the petitioner's lifetime. Therefore, her claim was barred by the Statute of Frauds *(see,* General Obligations Law § 5-701 [a] [1]; *Meltzer v Koenigsberg,* 302 NY 523; *Lucchese v Agro,* 103 AD2d 842, *lv denied* 65 NY2d 604).

Further, in the context of this record, the alleged agreement, which contained no specifics as to the form, frequency and amount of payment, was too vague to spell out a meaningful promise *(see, Dombrowski v Somers,* 41 NY2d 858; *Saunder v Baryshnikov,* 110 AD2d 511, *appeal dismissed* 65 NY2d 637; *cf. Morone v Morone,* 50 NY2d 481). Mangano, J. P., Thompson, Bracken and Brown, JJ., concur.