In the Matter of ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, as Assignee of NORMAN ENGLEHARDT, et al., Appellants, v FRANCES ENGLEHARDT, Respondent.

Third Department, February 12, 1987

### APPEARANCES OF COUNSEL

*Eugene P. Devine (James A. Caruso* of counsel), for appellants.

*Heim, Koldin, Canter & Levine (Norma E. Hogan* of counsel), for respondent.

### OPINION OF THE COURT

MIKOLL, J.

Petitioner Norman Englehardt (hereinafter petitioner) and respondent, Frances Englehardt, were married on September 6, 1934. Petitioner is 76 years old and, since December 1983, has resided at Guilderland Center Nursing Home, a skilled nursing facility. Respondent is 71 years old and resides in an apartment in the City of Albany. Following petitioner's admission to the nursing home, and before he became eligible for Medicaid, respondent paid for the cost of petitioner's care using more than one half of the couple's lifetime savings. She expended more than $35,000 for petitioner's medical needs, which included all of petitioner's equity in the marital home. Petitioner's income was used to support respondent's household during this period. Petitioner currently receives $773.25 in monthly income, which consists of $520 in Social Security benefits and $253.25 from his pension.

Since becoming eligible for Medicaid, all of petitioner's income, with the exception of $40 per month for his personal needs, has been applied to his nursing home expenses. As a result, respondent has had to exist on her personal income of $505 per month, consisting of $185 in Social Security benefits and interest income in the amount of about $320 per month from her remaining bank accounts of approximately $46,000. She claims that her income is insufficient to meet her reasonable living expenses.

This proceeding was instituted by petitioner Albany County Department of Social Services (hereinafter DOSS) seeking spousal support to apply towards petitioner's nursing home expenses. Respondent opposed the petition and cross-petitioned for support. Following a hearing, Family Court dismissed the DOSS petition and granted respondent's cross petition to the extent of awarding her $322 per month out of petitioner's income of $773.25. Additionally, respondent was awarded $750 in counsel fees. This appeal ensued.

There should be an affirmance. Family Court properly

awarded spousal support to respondent despite the fact that petitioner was a medical assistance recipient and respondent's income exceeded Medicaid eligibility limits. DOSS contends that any grant of support to respondent overburdens the "public purse". Respondent, on the other hand, argues that petitioner has sufficient income of his own to alleviate her situation and that the income limit under Medicaid regulations does not apply to her.

In granting respondent's request for support, Family Court appropriately relied on the reasoning of *Matter of Septuagenarian v Septuagenarian* (126 Misc 2d 699) where the court, in construing Social Services Law § 366, determined that a similarly institutionalized spouse's income was available to support his wife, despite the fact that he received assistance under the Medicaid program. While Social Services Law § 366 sets forth the Medicaid eligibility requirements, Social Services Law § 366 (2) (a) (7) exempts "payments for support of dependents required to be made pursuant to court order". Examination of the sparse legislative history of the statute and the pertinent public policy issues involved leads to the conclusion that the Legislature intended to exclude spousal support payments from the amount a Medicaid recipient must pay to reimburse the State for his own support *(see, Matter of Septuagenarian v Septuagenarian, supra,* pp 700-703). We note, as did the court in *Septuagenarian,* that in matrimonial proceedings spouses have been held to have proprietary interest in their spouses' pensions *(supra,* at p 703; *see, Majauskas v Majauskas,* 61 NY2d 481, 491). Thus, it does not appear that the Legislature intended that a wife, in the situation found here, could never receive any benefits from the pension her husband accrued and instead must consume the principal of her own assets until she also qualifies for public assistance.

In the circumstances presented here, the award to respondent does not permit her to live in luxury but allows her a reasonable amount on which to live without depleting her assets more than necessary. We find unpersuasive DOSS' argument that because respondent's income exceeds Medicaid exemption limits, she has sufficient means to lend support towards petitioner's care *(see,* Family Ct Act § 412). It has not been established that respondent's income must conform to Medicaid exemption regulations where, as here, she is not a recipient of public assistance. Further, Family Court has the discretion to grant support where it deems it appropriate and Social Services Law § 366 (2) (a) (7) exempts spousal support

payments required to be paid pursuant to court order. Further, Social Services Law § 58 specifically declares that nothing in the Social Services Law "shall be deemed to take away the jurisdiction or any power or duty of the family court". It appears, therefore, that the instant award of support and counsel fees to respondent was a proper exercise of Family Court's discretion.

MAHONEY, P. J., CASEY, WEISS and LEVINE, JJ., concur.

Order affirmed, with costs.