■ FRANCIS E. O'NEILL, Appellant, v TOWN OF FISHKILL et al., Respondents.—In an action, inter alia, to recover damages for breach of contract and for reformation of a contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Rosenblatt, J.), entered June 5, 1986, which granted the defendants' motion for partial summary judgment dismissing his second and sixth causes of action.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

On September 30, 1980, after extended negotiations, the parties executed a contract whereby the defendants leased 172 acres of unimproved land from the plaintiff to use as a sanitary landfill site. Pursuant to the contract, the parties agreed that the plaintiff would be paid a monthly fee of $1,000 and 75 cents per yard for each yard over 1,000 yards of "refuse" deposited each month.

This action was commenced as a result of a disagreement

over whether the plaintiff was to be paid additional compensation for the topsoil from his property used in connection with the defendants' use of the landfill for depositing refuse. The second cause of action seeks monetary damages for the use of the plaintiff's topsoil. The sixth cause of action, pleaded in the alternative, seeks reformation of the contract to make explicit that the term "[r]efuse" includes the plaintiff's topsoil or fill which is combined with the garbage deposited at that site.

As to the second cause of action, we find that a triable issue exists with regard to the language in the contract concerning whether or not the parties agreed that the plaintiff should be paid for soil taken from his property and mixed with the raw garbage deposited there by the defendants.

The contract contains the following provision pertinent to this appeal:

"3. The Owner [the plaintiff] shall provide sufficient soil for operating a Sanitary Land Fill Program * * * [s]aid obligation on the part of the Owner shall be limited to soil material available on the site of the property * * * it being understood by and between the parties that the Owner shall have no obligation to provide soil material from any other source * * *

"(g) 'Refuse' as used herein shall include, but not be limited to solid wastes of the type such as garbage, rubbish, ashes, incinerator residue, street cleaning, dead animals, and offal. 'Refuse' as used herein shall not include junk cars or any item which is to be salvaged or stockpiled."

If these were the only relevant sections of the contract, we would agree with the Supreme Court that the contract was unambiguous on its face and that extrinsic evidence was inadmissible to determine whether the parties had agreed that the plaintiff should be paid an additional consideration for the "soil material". The contract, however, also provided as follows: "4. It is understood and agreed by and between the parties hereto that prior to the commencement of the Land Fill Operation by the Town [of Fishkill], cross sections shall be made of all of the land area to be used ('base cross sections') * * * At the end of each year of the contract term, the Town's engineer shall take cross sections in order to ascertain the amount of fill added by the Town".

This provision supports the plaintiff's contention that the parties intended for the defendants to pay for the "soil" or "fill" which is mixed with the raw garbage. It could be construed that the purpose of this provision was to determine the amount due for such "fill". Thus, when read as a whole,

the contract is ambiguous with regard to this issue, and extrinsic evidence is admissible to determine the parties' true intent *(see, Matter of Friedman,* 64 AD2d 70, 81). Accordingly, the Supreme Court should not have granted that branch of the defendants' motion for partial summary judgment with respect to the plaintiff's second cause of action.

Similarly, the court should not have granted that branch of the defendants' motion which was for partial summary judgment with respect to the sixth cause of action. The remedy of reformation of a contract is available when the proponent of reformation demonstrates that the parties reached an oral agreement and, unknown to either, the signed writing does not express that agreement *(see, Chimart Assocs. v Paul,* 66 NY2d 570, 573; 16 NY Jur 2d, Cancellation and Reformation of Instruments, §§ 42, 43). In this case, a triable issue exists as to whether there was an oral agreement between the parties to pay the plaintiff for the topsoil, which, unknown to either party, was not contained in the written agreement. The plaintiff alleged clear, specific facts supporting his claim that the parties agreed that the contract would make provision for such payment. In contrast, the defendants' allegations denying such an agreement were vague and conclusory.

In reviewing a granting of summary judgment, facts alleged by the party opposing the motion and inferences which may be drawn from them must be accepted as true *(Great Neck Pennysaver v Catalano,* 97 AD2d 395, 396; *Weiss v Garfield,* 21 AD2d 156, 158). Accordingly, a triable issue exists as to whether, due to mutual mistake, the contract failed to state the actual agreement of the parties with regard to additional compensation to the plaintiff for topsoil *(see, United Methodist Church v Knickerbocker,* 37 AD2d 633, 634). Therefore, the sixth cause of action sounding in reformation also should not have been dismissed. Mollen, P. J., Eiber, Kunzeman and Spatt, JJ., concur.