■ In the Matter of MARY NESTER, Respondent, v MICHAEL NESTER, Respondent, and RAYMOND E. FORTIER, as Commis-

sioner of the Chemung County Department of Social Services, Appellant.—Mikoll, J. Appeal from an order of the Family Court of Chemung County (Frawley, J.), entered September 10, 1986, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, and directed respondent Michael Nester to pay $50 per week for petitioner's support.

Petitioner, presently 70 years old, and respondent Michael Nester (hereinafter Nester), presently 73 years old, have been married for 52 years. Nester became eligible for Medicaid payments for his institutional care effective December 1985. The Chemung County Department of Social Services (hereinafter the Department) directed Nester to apply his total monthly income of $553 in Social Security benefits and $221.09 in retirement pension benefits, less $40 monthly exemption, toward the cost of his institutional care. Petitioner claims that, in the absence of any support, her total life savings will be exhausted in about five years and she will then be dependent on public assistance.

Petitioner therefore commenced this support proceeding seeking an order directing her husband to provide her with a portion of his income as support. Administrative proceedings were had and thereafter Family Court, in reversing a hearing examiner's dismissal of her petition, ordered Nester to pay petitioner support in the amount of $50 per week. The court noted that petitioner's listed expenses were reasonable when considered overall, although the lawn care and gasoline expenses appeared exaggerated. This appeal by respondent Commissioner of the Department ensued.

There should be an affirmance. Petitioner was properly awarded spousal support from Nester's income even though he is a Medicaid recipient (see, Social Services Law § 366 [2] [a] [7]; Family Ct Act §§ 411, 412, 437; Matter of Albany County Dept. of Social Servs. v Englehardt, 124 AD2d 140, 142, lv denied 69 NY2d 612; see also, Matter of Morrison v Morrison, 132 AD2d 985). We reject the Commissioner's contention that petitioner is not entitled to a portion of Nester's income because her income is above the maximum level set for Medicaid eligibility, which determines the amount of the institutionalized spouse's income which may be allocated to the community spouse (see, 43 CFR 435.832 [a], [c] [2]). Petitioner is not a Medicaid recipient or applicant and Family Court therefore is not bound by the statutory Medicaid eligibility levels in determining whether she is entitled to support based upon her prior life-style. Further, this court has previ-

ously ruled that the Legislature intended to exclude spousal support payments from the amount a Medicaid recipient must pay to reimburse the State for his own support *(Matter of Albany County Dept. of Social Servs. v Englehardt, supra,* at 142).

We also reject the Commissioner's attempt to distinguish the instant case from *Englehardt* on the ground that petitioner did not utilize the equity in the marital home and apply it toward the cost of Nester's care, but rather continues to reside in the large marital home. Viewing the case as a whole, including the fact that petitioner resides in the unencumbered home, the support award does not afford her a life of luxury, but merely achieves the desired result of "allow[ing] her a reasonable amount on which to live without depleting her assets more than necessary" *(supra,* at 142). The spouse in *Englehardt* lived in an apartment but there was no evidence that if petitioner lived in an apartment she would have lower monthly expenses.

Order affirmed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.