■ PAMELA T. EIDMAN, Respondent, v MICHAEL K. EIDMAN, Appellant.—In a matrimonial action in which the parties were divorced by a judgment dated November 18, 1985, the husband appeals, (1) as limited by his brief, from so much of an order of the Supreme Court, Queens County (Glass, J.), entered April 3, 1987, as directed him to return various items of personalty allegedly removed by him from the marital residence, and (2) from so much of a resettled judgment of divorce of the same court dated May 8, 1987, as was entered upon the provision of the order which granted that branch of the wife's motion which was to resettle the judgment of divorce dated November 18, 1985, so as to delete a provision therefrom which prohibited the wife from moving the residence of the parties' child a distance of more than 50 miles from the marital residence. The notice of appeal from so much of the order as grants that branch of the wife's motion which was to resettle the judgment of divorce to delete the provision prohibiting the wife from moving the residence of the parties' child a distance more than 50 miles from the marital residence is deemed a premature notice of appeal from so much of the resettled judgment as is entered thereon (CPLR 5520 [c]).

Ordered that the order entered April 3, 1987 is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the resettled judgment of divorce is affirmed insofar as appealed from, without costs or disbursement.

On September 9, 1985, the parties entered into an oral stipulation of settlement in open court. The stipulation granted custody of the parties' son to the wife and resolved all issues of visitation, child support, maintenance, and ownership of personalty remaining in the marital residence. The stipulation did not contain any provision restricting the wife from changing her residence. The husband submitted a proposed judgment of divorce which included a provision stating that the wife "shall not cause the parties' infant child to reside more than 50 miles from the marital apartment during said child's minority". The wife's attorney was in the process of moving his offices and the added provision went unnoticed. The judgment of divorce was signed on November 18, 1985.

The wife subsequently moved to resettle the judgment to conform to the stipulation by deleting the residence restriction and to direct the husband to return certain items of personalty. By order entered April 3, 1987, the husband was ordered to return all items of personalty which he had removed from

the residence in violation of the stipulation and the judgment of divorce was resettled to conform to the terms of the stipulation.

We find that the court did not err in ordering a resettlement of the judgment of divorce with respect to the provision prohibiting the wife from moving the residence of the parties' child a distance more than 50 miles from the marital residence. It is well settled that a stipulation of settlement is a contract subject to the ordinary principles of contract interpretation *(Rainbow v Swisher,* 72 NY2d 106; *Clayburgh v Clayburgh,* 261 NY 464). In the instant case, the record reveals that the provisions of custody and visitation were extensively negotiated and placed on the record in open court. No mention of any residence restriction was made during the discussions on the record and the omission of such a provision does not appear to have been a mere inadvertent error. We do not pass on whether if in the future the wife should attempt to relocate, she should be allowed to do so. Additionally, we find that the wife is not guilty of laches, since she moved in a timely fashion to resettle the judgment to conform to the stipulation *(see,* CPLR 5015 [a]).

As both the stipulation and judgment awarded all items of personalty located within the marital residence to the wife, regardless of whether they were marital or separate property, no hearing was required prior to ordering the husband to return the items to the marital abode. Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.