■ In the Matter of EMILIA CICIARELLI, Appellant, v VICTOR CICIARELLI et al., Respondents.—Order unanimously modified on the law to grant the petition in accordance with same memorandum as in *Matter of Walsh v Walsh* (144 AD2d 947 [decided herewith]) and as modified affirmed with costs to petitioner. (Appeal from order of Onondaga County Family Court, McLaughlin, J.—spousal support.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.

■ In the Matter of ELEANOR DEMERSKI, Appellant, v PAUL DEMERSKI et al., Respondents.—Order unanimously modified on the law to grant the petition in accordance with same memorandum as in *Matter of Walsh v Walsh* (144 AD2d 947 [decided herewith]) and as modified affirmed with costs to petitioner. (Appeal from order of Onondaga County Family Court, McLaughlin, J.—spousal support.) Present—Dillon, P. J., Denman, Green, Lawton and Davis, JJ.

■ In the Matter of MAMIE T. VENEZIA, Appellant, v ANTHONY M. VENEZIA et al., Respondents.—Order unanimously modified on the law to grant the petition in accordance with memorandum herein and as modified affirmed with costs to petitioner. Memorandum: We reject the Commissioner's position that petitioner be required to exhaust her savings, including equity in the marital home, before she is eligible for spousal support *(see, Matter of Nester v Nester,* 135 AD2d 878). The Commissioner argues that petitioner transferred the marital home to her children without consideration in an attempt to place on the public fisc the burden of support for both petitioner and respondent. The transfer here, however, does not have that effect because it actually reduced petitioner's monthly needs. She continues to live rent free in the premises and her children are responsible for the payment of property taxes. Moreover, had petitioner maintained the home in her own name, we would not require her to exhaust the equity in the home before she became eligible for support *(see, Matter of Nester v Nester, supra).*

As in any support proceeding, the court must consider the circumstances of the respective parties *(see,* Family Ct Act § 412). Petitioner's ability to contribute to her own support should not foreclose an award, but it should be considered in determining the amount of such an award. We find it appropriate in the circumstances, therefore, that petitioner be required to make a reasonable contribution to her own support from her savings. Petitioner has established monthly expenses of $925, income of $205 and savings of approximately