■ JOHN BONO, Appellant, v FRANCES BONO, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of a judgment of the Supreme Court, Queens County (Zelman, J.), entered July 29, 1988, as (1) directed him to obtain medical insurance for the parties' child in the event the defendant wife's employer's insurance policy is discontinued, and (2) directed him to provide a 1986 Cadillac or its equivalent to the defendant wife.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, (1) so much of the sixth decretal paragraph thereof as provides, "Should said policy be discontinued by the employer, plaintiff, on written notice from defendant, shall obtain and maintain Blue Cross/Blue Shield coverage or its equivalent for the benefit of the infant, STEPHEN HENRY BONO", is deleted, and (2) so much of the twelfth decretal paragraph as provides that "plaintiff shall provide defendant with a Cadillac not less current in model than one of 1986, or a vehicle of its equivalent", is deleted, and the

following is substituted therefor: "plaintiff shall provide defendant with the 1978 Cadillac or its equivalent".

It is well settled that a settlement agreement is a contract subject to principles of contract interpretation (see, *Rainbow v Swisher,* 72 NY2d 106), and that where the intention of the parties is clearly and unambiguously set forth, effect must be given to the intent as indicated by the language used (see, *Slatt v Slatt,* 64 NY2d 966; *Howard v Howard,* 120 AD2d 567). Moreover, it is equally well settled that an ambiguity should not be found where none in fact exists (see, *Lerner v Lerner,* 120 AD2d 243, 247).

Here, the parties' stipulation was clear, concise, and unambiguous. The defendant was to "maintain the same health policy that she has for the child now", and the plaintiff was only required to "provide the 1978 Cadillac or its equivalent". Accordingly, it was improper for the court to sign a counter-judgment containing provisions not in accord with the stipulation of settlement (see, *Eidman v Eidman,* 143 AD2d 803; *Martino v Martino,* 103 AD2d 842). Bracken, J. P., Lawrence, Harwood and Balletta, JJ., concur.