■ In the Matter of MARGARET Q. KENNEDY, Respondent-Appellant, v ROGER B. KENNEDY, Appellant-Respondent. [603

NYS2d 80] —Mercure, J. Cross appeals from an order of the Family Court of Clinton County (McGill, J.), entered June 22, 1992, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to enforce certain provisions of the parties' separation agreement.

In November 1986 the parties entered into a separation agreement which provided, *inter alia,* that respondent would pay for certain repairs and improvements, "to be done in a manner not unreasonable when considered with the already existing improvements * * * [specifically] for the remodeling of one bathroom in [petitioner's residence] to be completed by July 1, 1987, all at the choice of [petitioner]". The agreement also provided that respondent would pay "for all reasonable clothing expenses" until each child reached age 21. A subsequent divorce judgment incorporated, but did not merge, the separation agreement. In April 1991 petitioner sought, among other things, an order to enforce respondent's obligation to remodel the bathroom and reimburse petitioner for certain clothing expenses. The matter was referred to Family Court and, following a hearing, Family Court found that the clothing expenses in the amount of $10,889.36 and the estimate of $17,850 for bathroom renovation were reasonable. Judgment was entered in petitioner's favor. Family Court also denied petitioner's request for counsel fees. Respondent appeals and petitioner cross-appeals.

Contrary to respondent's contention, according deference to Family Court's assessment of the parties' credibility and the evidence presented *(see, Matter of Maddox v Doty,* 186 AD2d 135, 136), we find that the record amply supports petitioner's claim for clothing expenses. It appears, however, that Family Court improperly charged respondent with a check for $22 and included in the total amount respondent was required to pay the sum of $741.07 for another check instead of $280. Respondent is therefore entitled to a credit of $483.07. Considering that petitioner's home was valued at $337,000 in 1990 and the separation agreement clearly leaves the remodeling decisions to petitioner *(see, Mayefsky v Mayefsky,* 184 AD2d 954, 955, *appeal dismissed* 80 NY2d 924; *Bono v Bono,* 157 AD2d 763, 764), we agree with Family Court that the estimate for bathroom renovation was not unreasonable. As for petitioner's claim for counsel fees, although we agree that Family Court incorrectly concluded that it lacked discretion to make an award on this referral of a matrimonial action from Supreme Court *(see,* Domestic Relations Law § 237 [c]; § 238; Family Ct Act § 461 [c]), having regard to the circumstances of

the case and of the respective parties *(see, Jabri v Jabri,* 193 AD2d 782), we shall deny the application as an exercise of our own discretion *(see, Brady v Ottaway Newspapers,* 63 NY2d 1031, 1032-1033; *Krich v Wall Indus.,* 118 AD2d 627, 628).

We have reviewed the other claims of the parties and find them meritless.

Mikoll, J. P., Cardona, Mahoney and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by awarding respondent a credit in the amount of $483.07, and, as so modified, affirmed.