■ In the Matter of MARILYN GOMPRECHT, Respondent, v GUSTAV GOMPRECHT, Respondent, and BARBARA SABOL, as Commissioner of Social Services of the City of New York, Appellant. [617 NYS2d 722] —Order, Family Court, Bronx County (Stewart H. Weinstein, J.), entered September 8, 1993, which confirmed the Hearing Officer's award of support to petitioner in the amount of $3,339.26 per month, unanimously affirmed, without costs.

The Family Court's authority to order support under Family Court Act § 412 on behalf of a non-institutionalized "community spouse" is not limited by the income guidelines set forth under Social Services Law § 366-c *(see, Matter of Nester v Nester,* 135 AD2d 878, 879-880, citing *Matter of Albany County Dept. of Social Servs. v Englehardt,* 124 AD2d 140, *lv denied* 69 NY2d 612; *Matter of Septuagenarian v Septuagenarian,* 126 Misc 2d 699). By its terms, the statute's applicability is limited to determinations of "the eligibility for medical assistance of a person defined as an institutionalized spouse" (Social Services Law § 366-c [1]). Further, the statute specifically provides for greater amounts to be allocated to the spouse as a "community spouse resource allowance" if "the amount transferred pursuant to court order for the support of the community spouse" exceeds the statutory formula (Social Services Law

§ 366-c [2] [d] [iv]; *see, Matter of Cuthbert S. v Linda S.,* 161 Misc 2d 372, 379). The Legislature's enactment of the Medicare Catastrophic Care Act in 1989 was intended to implement the reasoning of the *Septuagenarian (supra)* line of cases that a "community spouse" should not be required to "consume the principal of her own assets until she also qualifies for public assistance" in order to obtain medical benefits on behalf of the institutionalized spouse *(Matter of Albany County Dept. of Social Servs. v Englehardt,* 124 AD2d, *supra,* at 142). We find appellant's arguments to the contrary, therefore, to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.