██ In the Matter of JOAN B. STERLING, Respondent, v WILLIAM T. STERLING, Appellant. [617 NYS2d 935] —Mercure, J. Appeal from an order of the Family Court of Madison County

(O'Brien, III, J.), entered June 23, 1993, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to direct respondent to pay spousal support.

On this appeal, respondent challenges substantially every aspect of the Hearing Examiner's decision awarding petitioner current maintenance in the amount of $205 per week and counsel fees of $5,000. Because we agree with Family Court that the record provides adequate support for the factual findings that are the subject of this appeal and that the Hearing Examiner did not abuse his discretion in fixing the awards of maintenance and counsel fees, we affirm.

At the hearing on the petition, petitioner testified on her own behalf concerning her income and expenses, her contributions to the marriage as a homemaker, mother and farm helper and to the circumstances underlying the parties' separation. She also produced experts who testified concerning the parties' actual and potential earnings and the value of their property, consisting primarily of a dairy farm operated and controlled by respondent. Respondent was the only witness to testify on his behalf, and he failed to meaningfully controvert any of the evidence presented by petitioner. In our view, the fact that petitioner was renting an apartment from her mother, had developed substantial rent arrears in the past and shared the apartment with a male companion and a child born of that relationship did not preclude the Hearing Examiner from taking into account petitioner's stated portion of the monthly rent and other living expenses. The Hearing Examiner was also entitled to credit the testimony of petitioner's financial expert concerning respondent's $21,561 average annual surplus income (after business and personal expenses) for the previous eight years, particularly in view of respondent's failure to controvert the expert's estimate of respondent's annual expenses for the years 1984 through 1990 *(see, Matter of Williams v Williams,* 133 AD2d 876, 878, *lv denied* 70 NY2d 614).

Affording due deference to Family Court's assessment of the witnesses' credibility *(see, Matter of Kennedy v Kennedy,* 197 AD2d 804; *Verrilli v Verrilli,* 172 AD2d 990, 991-992, *lv denied* 78 NY2d 863) and considering petitioner's substantial contributions prior to the parties' separation and the wide disparity between the parties' financial circumstances, we conclude that the awards of maintenance and counsel fees were not excessive *(see, Matter of Mastrogiacomo v Mastrogiacomo,* 149 AD2d 708; *Matter of Venezia v Venezia,* 144 AD2d

948; *Polite v Polite,* 127 AD2d 465). Respondent's remaining contentions have been considered and found to lack merit or have not been preserved for appellate review *(see,* Family Ct Act § 439 [e]; *Matter of Commissioner of Social Servs. v Segarra,* 78 NY2d 220, 222, n 1).

Cardona, P. J., Mikoll, White and Casey, JJ., concur. Ordered that the order is affirmed, with costs.