■ JANICE WIND, Respondent, v ELI LILLY & COMPANY, Appellant, et al., Defendants. [619 NYS2d 963] —In an action to recover damages for personal injuries, the defendant Eli Lilly & Company appeals from so much of an order of the Supreme Court, Queens County (Friedmann, J.), dated June 7, 1993, as granted the plaintiff's motion to exclude the three "third generation" claims from the settlement reached with the defendant.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that a settlement agreement is a contract subject to principles of contract interpretation and that where the intention of the parties is clearly and unambiguously set

forth, effect must be given to the intent as indicated by the language used. Moreover, it is equally well settled that an ambiguity should not be found where none in fact exists *(see, Bono v Bono,* 157 AD2d 763, 764).

In this case, the parties' stipulation of settlement was clear, concise, and unambiguous. The settlement was to include all the New York State DES cases that the plaintiff's counsel's law firm handled, and made no mention of any "third generation claims". Prior to the settlement, the subject "third generation claims" had been dismissed in New York by the Court of Appeals in *Enright v Eli Lilly & Co.* (77 NY2d 377, *cert denied* 501 US 868). Accordingly, these "third generation claims" were properly excluded from the settlement by the court. Bracken, J. P., Balletta, Ritter, Pizzuto and Florio, JJ., concur.