■ KEVIN L. CREIGHTON, Appellant-Respondent, v GAIL A. CREIGHTON, Respondent-Appellant. [634 NYS2d 870] —Cardona, P. J. Cross appeals from a judgment of the Supreme Court (Relihan, Jr., J.) ordering, *inter alia*, equitable distribution of the parties' marital property and payment of maintenance and child support, entered February 15, 1994 in Tompkins County, upon a decision of the court.

In this matrimonial action, both sides appeal from various aspects of Supreme Court's judgment. The challenged provisions of the judgment relate to the award of maintenance and counsel fees to defendant, the abatement of a portion of defendant's child support obligation and the direction that defendant pay the unpaid arrears owed under a prior pendente lite order of child support. Finding no fault with Supreme Court's findings and conclusions, we affirm the judgment in its entirety.

We turn first to the arguments raised by plaintiff. At the outset, he claims that Supreme Court erred in awarding defendant $1,000 in counsel fees. In rejecting this contention, we note that a determination as to legal fees is not to be disturbed unless it is clearly an abuse of discretion (*see, Graham v Graham*, 175 AD2d 540). The record before us supports the court's award. At the time of trial, there was a wide disparity in the parties' financial circumstances (*see, Matter of Sterling v Sterling*, 208 AD2d 1172), with plaintiff earning approximately $35,000 per year while defendant was on public assistance and earning only a minimal amount per month from part-time work while she attended college. Although plaintiff contends that defendant's financial condition was the result of her

personal decision to quit her job as a psychiatric nurse, Supreme Court accepted as credible defendant's explanation that she was no longer able to cope with the stress of psychiatric nursing due to an assault by a patient and its effects upon her preexisting epileptic condition. Given these circumstances, we reject plaintiff's challenge to the court's award of legal fees (*see, Dean v Dean*, 214 AD2d 786).

Plaintiff next challenges Supreme Court's award of maintenance to defendant. The amount and duration of maintenance is a matter within the trial court's discretion (*see, Cohen v Cohen*, 154 AD2d 808). Here, the record supports the court's factual findings. The court awarded defendant $100 per week from the time of trial (December 1993) until her anticipated graduation date from college (February 1995) and outlined the factors it considered (*see*, Domestic Relations Law § 236 [B] [6] [a]). Although plaintiff argues that it was defendant's voluntary decision to return to school and to leave a lucrative job, as we previously noted Supreme Court accepted as credible defendant's explanation for leaving her nursing career. It was for the court to assess witness credibility (*see, Matter of Sterling v Sterling, supra*) and we find no reason to disturb its findings.

Supreme Court's decision to abate defendant's child support obligation was also proper. By statute, an award of child support is "effective as of the date of the application therefor" (Domestic Relations Law § 236 [B] [7] [a]; § 240 [1]), that is, the date of service of the summons and complaint containing a request for child support (*Bonheur v Bonheur*, 141 AD2d 489). Here, that date would be November 1989. Although Supreme Court awarded plaintiff $100 per week in child support, it abated defendant's obligation from November 1989 until September 1992. The latter date was the date when plaintiff obtained the pendente lite order of support. The court also abated defendant's obligation from June 1993 until February 1995. The former date was the date when defendant returned to New York without a job and the latter date was her planned date of graduation. With respect to this time period, plaintiff takes issue with the abatement only up until December 1993, the date of the trial.

A court may vary from the amount of the basic child support obligation if it finds that the noncustodial parent's pro rata share is "unjust or inappropriate" (Domestic Relations Law § 240 [1-b] [f]). In doing so, the court is required to consider certain factors (Domestic Relations Law § 240 [1-b] [f] [1]-[10]) and order the amount deemed just and appropriate setting forth the factors considered and the reasons for not ordering

the basic child support obligation (Domestic Relations Law § 240 [1-b] [g]).* Contrary to plaintiff's contentions, Supreme Court complied with the statutory mandates. The court made its determination as a result of a posttrial motion by plaintiff which questioned the time period covered by the pendente lite order. The court's decision in response to the motion, however, indicated that it was not dealing with the enforcement of a temporary child support award, but rather with the award of defendant's permanent child support obligation and the extent it would be retroactive. The court sufficiently set forth the factors it considered in determining that an award for the time period of November 1989 to September 1992 would be "unjust and inappropriate", noting defendant's physical condition, the fact that she was pursuing an education program while living on public assistance and was the sole support for her child from a prior marriage. Therefore, the court's conclusion will not be disturbed.

Supreme Court's decision to abate defendant's child support obligation from June 1993 until December 1993 is also affirmed. Plaintiff claims that defendant's impoverished financial circumstances were of her own doing. Imputed income will be added to a party's actual income where there is a unilateral attempt to diminish a child support obligation by voluntarily reducing one's income (*see, Cardia v Cardia*, 203 AD2d 650). Here, however, the court accepted as credible defendant's explanations and the record supports the court's finding that plaintiff did not voluntarily reduce her income (*see, Matter of Monroe County Dept. of Social Servs. [Carpenter] v Bennett*, 178 AD2d 974). Supreme Court, complying with the statutory mandates, found that requiring defendant to pay child support during that time period would be unjust and inappropriate. The reasons found applicable for the November 1989 to September 1992 period were properly applied to the June 1993 to December 1993 time frame.

We turn next to the arguments raised by defendant in her cross appeal. Defendant disputes the award to plaintiff of $5,000 in arrears as a result of the September 1992 child sup-

---

* Although Domestic Relations Law § 240 (1-b) (g) provides a $25 per month floor on all child support obligations, the Court of Appeals has recently determined that such a statutory minimum does not present an irrebuttable presumption in all cases (*see, Matter of Rose [Clancy] v Moody*, 83 NY2d 65, *cert denied sub nom. Attorney Gen. of N. Y. v Moody*, — US —, 114 S Ct 1837).

port order. Defendant, however, never sought to modify the terms of the order prior to the accrual of arrears. She never disputed her failure to make the ordered payments or the amount of arrears (*see generally, Felton v Felton,* 175 AD2d 794). We find no abuse of discretion by Supreme Court in directing the payment of such arrears (*see,* Domestic Relations Law § 244; *Maloney v Maloney,* 137 AD2d 666, *lv denied* 72 NY2d 808; *see also, Vogel v Vogel,* 156 AD2d 671). To the extent that defendant contests the actual terms of the temporary order of support, we note that she never previously contested it or moved to vacate it. Thus, the propriety of the order itself is not before this Court.

Defendant also argues that Supreme Court's award of arrears violated Domestic Relations Law § 240 (1-b) (g), which mandates that there be no award of arrears in excess of $500 when the noncustodial parent's income is below the poverty income guidelines. She claims that the evidence revealed that she satisfied this criterion. Defendant's arguments on this point were, however, not raised before Supreme Court and are, therefore, not properly preserved for appellate review (*see, Small Bus. Admin. v Mills,* 203 AD2d 654; *Matter of Vitti v Vitti,* 202 AD2d 917).

We have considered and rejected as unpersuasive the parties' remaining arguments, including any procedural objections raised on this appeal.

Mikoll, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.