■ SHIRLEY YEDVARB, Respondent, v MARTIN YEDVARB, Appellant. [655 NYS2d 84] —In an action to recover damages for breach of contract, the defendant appeals from a decision of the Supreme Court, Nassau County (Kingston, J.), dated March 26, 1996, and from a judgment of the same court (McCabe, J.), entered June 6, 1996, which, after a nonjury trial, is in favor of the plaintiff and against him in the principal sum of $258,153.04, and directed that the plaintiff have judgment against him in the sum of $5,000 for each and every month subsequent to March 31, 1996, for which he fails to pay her that amount.

Ordered that the appeal from the decision dated March 26, 1996, is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is reversed, on the law, with costs, and the complaint is dismissed.

The plaintiff and the defendant were divorced in 1983 after 36 years of marriage. Pursuant to a stipulation of settlement which was incorporated but did not merge into the judgment of divorce, the defendant was to pay to the plaintiff $225,000 in equal installments over four years. The defendant had fulfilled his obligation under the stipulation of settlement as of November 1987. However, he continued to make monthly payments of approximately $5,000 to the plaintiff through 1993. After the defendant ceased making these additional monthly payments, the plaintiff commenced this action alleging that the additional payments were made pursuant to an express oral agreement between the parties wherein the defendant promised to "always take care" of the plaintiff. There were no witnesses to this oral agreement.

It is apparent that the alleged oral promise, by its terms, was not capable of performance before the end of the plaintiff's lifetime, and therefore, her claim is barred by the Statute of Frauds (see, General Obligations Law § 5-701 [a] [1]; Meltzer v Koenigsberg, 302 NY 523; Lucchese v Agro, 103 AD2d 842). Although the plaintiff contends that promissory estoppel should bar the application of the Statute of Frauds, the circumstances here are not so egregious as to render the application of the Statute of Frauds unconscionable (see, American Bartenders School v 105 Madison Co., 59 NY2d 716; Shapiro v Shorenstein, 157 AD2d 833).

Furthermore, the alleged promise by the defendant to "always take care of" the plaintiff, which contained no specifics as to the form, frequency, and amount of payment, was too vague to spell out a meaningful promise (see, Dombrowski v Somers, 41 NY2d 858; Matter of Kittay, 118 AD2d 647; Saunder v Baryshnikov, 110 AD2d 511). Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.