■ MAHA KADDOURA, Appellant, v ARAB BANK, PLC, et al., Respondents. [666 NYS2d 418] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered May 15, 1996, which granted defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously affirmed, without costs.

Plaintiff does not appear to assign error to any of the IAS Court's specific rulings dismissing each of her seven causes of action. Instead, she urges on appeal that the complaint should not have been dismissed because a cause of action for promissory estoppel can be gleaned from its allegations. We disagree. Just as the alleged assurance of confidentiality was rejected by the IAS Court as too vague to support a cause of action for breach of contract, it is also too vague to support a promissory estoppel claim (*see*, *Yedvarb v Yedvarb*, 237 AD2d 433, 434, *lv denied* 90 NY2d 804). Further, in light of the fact that plaintiff had already withdrawn her money from defendant bank when her husband first learned of the existence of the account, his subsequent taking of the money was too attenuated to support plaintiff's claim. Nor is any prejudicial change in position in reliance upon the alleged assurance discernible (*see*, *Tierney v Capricorn Investors*, 189 AD2d 629, 632, *lv denied* 81 NY2d 710), where the complaint alleges that plaintiff moved her funds to defendant bank based upon the bank's offering of a higher interest rate as well the assurance promise of confidentiality. In any event, for the reasons stated by the IAS Court, the bank authorization plaintiff filed with defendant is valid,

and precludes any claim for promissory estoppel. There is no basis to grant plaintiff leave to replead. Concur—Rosenberger, J. P., Wallach, Williams, Rubin and Tom, JJ.