■ EDWIN S. DOWD, Appellant, v DOROTHY DOWD, Respondent. [874 NYS2d 263]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Zwack, J.), entered November 8, 2007 in Ulster County, ordering, among other things, maintenance to defendant, upon a decision of the court.

Plaintiff urges on appeal that the maintenance awarded to defendant should be reduced. The parties were married in 1976, separated in 1999 and divorced in 2007. During the lengthy separation, defendant was ostensibly supported, in part, by her live-in boyfriend. Her sporadic employment history involved low-wage jobs. Of their four children, only a 17-year-old daughter remained unemancipated at the time of divorce and she resided with plaintiff. Neither party graduated from high school. At the time of trial, plaintiff earned roughly $60,000 per year working for a manufacturer of heavy equipment. Although they stipulated to most of the issues implicated by the divorce, a trial

was conducted regarding, among other things, spousal maintenance. Supreme Court directed plaintiff to pay maintenance of $500 per month until defendant is eligible for Social Security retirement benefits at age 62 in 2019 and, thereafter, at a reduced rate of $250 per month until she is eligible for health care through Medicare at age 65 in 2022, at which time maintenance ceases. Plaintiff appeals.

"[T]he purpose of maintenance is to provide financial support for the recipient spouse while he or she gains the skills and employment necessary to become self-sufficient," the trial court is accorded discretion in setting the amount and duration of maintenance, and the court must consider the factors in Domestic Relations Law § 236 (B) (6) (a) (*Zwickel v Szajer*, 45 AD3d 1222, 1223 [2007]; *see Spencer v Spencer*, 298 AD2d 680, 681-682 [2002]). Initially, we note that, in light of the long separation of the parties prior to the divorce action, the standard of living during the marriage was not a consideration (*see Garner v Garner*, 307 AD2d 510, 511 [2003], *lv denied* 100 NY2d 516 [2003]). Here, the marital residence was the only property of significant value and it was essentially divided equally, with defendant receiving a distributive award of $100,000. Plaintiff was 50 years old, healthy and had a job that he will likely be able to continue for the rest of his working life. Defendant was 49 years old and had a similar educational background as plaintiff. While she had a sporadic employment history, we discern no reason that she should not be able to obtain a modest and sustainable level of income within a reasonable time. Her purported health problems were not supported by competent medical proof. She has no responsibility for any unemancipated children and, as noted, has lived independently of plaintiff for a considerable period of time. During the long separation, plaintiff provided the primary support to the children and also dealt with the marital debt. Upon considering all the relevant factors, we conclude that maintenance of $500 per month for a period of five years is adequate under the circumstances of this case (*see Basile v Basile*, 199 AD2d 649, 650-651 [1993]; *see also Arnone v Arnone*, 36 AD3d 1170, 1173 [2007]).

Peters, J.P. and Kavanagh, JJ., concur.

Stein, J. (dissenting). Because, in our view, Supreme Court did not abuse its discretion in its award of maintenance to defendant, we respectfully dissent.

"Although the court is required to consider the statutory factors set forth in Domestic Relations Law § 236 (B) (6) (a), the determination of whether to award maintenance rests soundly within the court's discretion" (*Holmes v Holmes*, 25 AD3d 931,

932 [2006] [citations omitted]; *see Smith v Smith*, 8 AD3d 728, 729 [2004]; *Myers v Myers*, 255 AD2d 711, 716-717 [1998]). Here, Supreme Court initially noted that, in light of the long separation of the parties prior to the divorce action, the standard of living during the marriage was not a consideration (*see Garner v Garner*, 307 AD2d 510, 511 [2003], *lv denied* 100 NY2d 516 [2003]). The court then set forth its analysis of the 11 factors of Domestic Relations Law § 236 (B) (6) (a) which, in our view, was amply supported by the record.

Briefly stated, Supreme Court noted that, although defendant's distributive award from the marital residence was $100,000, she had about $10,000 of immediate debts and expenses (including being a year behind on rent and having to replace a 1994 automobile with more than 200,000 miles),[1] leaving her $90,000, which the court observed could provide her with income of about $5,000 per year. The evidence also establishes that defendant's rent, alone, is $500 per month, or $6,000 per year. The record further indicates that plaintiff cashed in a 401(k) and received the larger share of that asset.

Plaintiff was 50 years old, healthy and had a full-time job that provided him with income of approximately $60,000, with no significant change in the foreseeable future. Defendant, on the other hand, was 49 years old, had a ninth grade education, possessed virtually no meaningful employment history or marketable skills and had some health problems. She occasionally worked low-wage jobs for short periods of time during the approximately 23 years the parties resided together, but she primarily stayed at home to raise the parties' four children. Plaintiff testified that, although the parties had some discussions regarding defendant obtaining employment, "[s]ome of it just didn't pay," as the expense of childcare would have offset the additional earnings.

Defendant's testimony, together with her medical records, also established that she was on medication for high blood pressure, hives and depression, and that she suffered from dizziness, itching and pain in her neck and head. She had not been employed for several years,[2] and no proof was presented regarding her ability to ever become self-supporting, unlike the college-educated wife in *Arnone v Arnone* (36 AD3d 1170 [2007]), cited by the majority. The record here bears out Supreme Court's conclusion that there was little to be optimistic about in that

---

**1.** Notably, as Supreme Court denied defendant's request for an award of counsel fees, she will presumably also have to pay her attorney.

**2.** Nor had she resided with or received support from her previous boyfriend for several years.

regard. Along with other factors discussed, Supreme Court observed as part of its analysis of "any other factor which the court shall expressly find to be just and proper" (Domestic Relations Law § 236 [B] [6] [a] [11]) that, upon entry of the judgment of divorce, defendant would no longer have health insurance unless she paid for it and she would not be eligible for Social Security retirement (based on plaintiff's income) until age 62 and Medicare until age 65. These factors played an obvious role in crafting the terms and amounts of maintenance.

In our opinion, viewing the evidence in its totality and according due deference to Supreme Court's ability to assess the credibility of the witnesses (see generally Creighton v Creighton, 222 AD2d 740, 741 [1995]; Matter of Sterling v Sterling, 208 AD2d 1172, 1173 [1994]), the court's award was consistent with the purpose of maintenance, its findings were amply supported by the record and we are unpersuaded that it strayed beyond the boundaries of its discretion. We would, therefore, affirm the judgment.

Rose, J., concurs. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as awarded defendant monthly maintenance of $500 until 2019, when she reaches age 62, and $250 until 2022, when she reaches age 65; defendant is awarded monthly maintenance of $500 for a period five years from the date of entry of Supreme Court's judgment; and, as so modified, affirmed.