In the Matter of BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES on Behalf of TEQUILLA XX, Respondent, v MEAGHAN XX., Appellant. [976 NYS2d 272]—

Garry, J. Appeal from an order of the Family Court of Broome County (Connerton, J.), entered March 9, 2012, which, in a proceeding pursuant to Family Ct Act article 4, denied respondent's objections to an order of support.

Respondent is the mother of Tequilla XX, who was born in 2011 and placed in foster care shortly after her birth. Thereaf-

ter, petitioner commenced this proceeding seeking child support on Tequilla's behalf. Respondent is developmentally disabled; she receives Supplemental Security Income benefits (hereinafter SSI) and public assistance payments in a total sum of $961 per month, and earns some wages from part-time employment at a sheltered workshop. Her SSI payments are currently made directly to petitioner, as her representative payee. After a hearing, the Support Magistrate directed respondent to pay $25 per month in support retroactive to the date that Tequilla became eligible for public assistance, and capped respondent's arrears at $500. Respondent filed objections to the order, which Family Court denied. Respondent appeals, and we reverse.

The Support Magistrate's determination that respondent's average weekly income is "between $15[ ] to $20[ ] per week gross each and every week" is unsupported by the record, and apparently in error. Respondent's financial disclosure affidavit was the only evidence presented at the support hearing regarding her income, and it lists her biweekly gross income at $25. Thus, after subtracting respondent's public assistance and SSI benefits (*see* Family Ct Act § 413 [1] [b] [5] [vii] [E], [F]; [c]), the child support award represents roughly one half of respondent's earnings. We find this award "unjust and inappropriate" (Family Ct Act § 413 [1] [f]) and, accordingly, exercise our authority upon review to grant respondent's objections and set her support obligation at $0 (*see Matter of Rose v Moody*, 83 NY2d 65, 71 [1993], *cert denied* 511 US 1084 [1994]; *Creighton v Creighton*, 222 AD2d 740, 741 [1995]).

Rose, J.P., Stein and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, respondent's objections are sustained, and her child support obligation is determined to be $0.